RUBIN, FIORELLA & FRIEDMAN, LLP
James E. Mercante, Esq. (JM 4231)
Keith A. Brady, Esq. (KB 7899)
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381
Attorneys for Petitioner
*Marvin Kessler*



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN THE MATTER OF THE COMPLAINT

of

MARVIN KESSLER., as owner of the
Vessel M/V NOTEWORTHY for
Exoneration from or Limitation of Liability,

               Petitioner.

CV

**FEUERSTEIN, J.**
**J. ORENSTEIN, M.J.**

ORDER RESTRAINING SUITS,
APPROVING PETITIONER'S
SECURITY, DIRECTING ISSUE
OF NOTICE AND THE FILING
OF CLAIMS

A Verified Complaint having been filed herein on December 27, 2005, by the above-named Petitioner as the owner of vessel M/V NOTEWORTHY bearing Hull Identification Number 549761 (hereinafter the "vessel"), for Exoneration from or Limitation of Liability, pursuant to 46 U.S.C. §§ 183-185, 189, Admiralty Extension Act, 46 U.S.C. § 740, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure concerning any alleged loss, damage, or injury, and/or expense arising out of a boat fire at Jude Thaddeus Glen Cove Marina, which occurred on November 7, 2005, when the vessel, owned by Petitioner and lawfully docked upon navigable waters in Glen Cove, Nassau County, New York, reportedly caught fire and spread to other vessels at the marina. The incident occurred in the County of Nassau, State of New York, as more fully described in the Verified Complaint;

**AND** the Verified Complaint having stated that the value of the Petitioner's interest in the vessel did not exceed the sum of $2,000.00 on the date of the accident;

**AND** the Petitioner has filed with the Court an *Ad Interim* Security dated December 21, 2005, for the benefit of any and all Claimants, with surety, equal to the amount or value of Petitioner's interest in the said vessel, with interest at six percent (6%) per annum from the date hereof, executed by Ace American Insurance Company as the vessel insurer.

**NOW**, on motion of attorneys for Petitioner, it is hereby:

**ORDERED** that the above-described *Ad Interim* Security in the sum of $2,000.00 with interest as aforesaid, filed by Petitioner for the benefit of any and all Claimant(s) as security representing Petitioner's interest in the vessel, be and is **hereby approved**, and

**IT IS FURTHER ORDERED** that the Court, only upon motion and good cause shown, shall cause appraisement of the value of the vessel and may thereupon order said security increased or reduced if it finds the amount thereof insufficient or excessive, and

**IT IS FURTHER ORDERED** that any Claimant in these proceedings may express, only upon good cause shown and by written notice filed with the Court and served upon all parties of record, its dissatisfaction with Ace American Insurance Company as surety. In this event, Petitioner shall within thirty (30) days of the entry of an order by the Court concerning the surety, cause security to be posted in the form provided by Supplemental Rule F(1) of the Federal Rules of Civil Procedure and satisfactory to this Court failing which the injunction entered concurrently herewith will be vacated as to all Claimants, and the Court will make such further orders as the justice of the cause may require, and

**IT IS FURTHER ORDERED that a Notice shall be issued by the Clerk of this Court** to all persons asserting claims or suits with respect to which the Complaint seeks Exoneration from or Limitation of Liability admonishing them to file their respective claims with the Clerk of this Court, in writing, and to serve on the attorneys for the Petitioner a copy thereof,

ON OR BEFORE THE 24th DAY OF April 2006, or be defaulted; and that if any Claimant desires to contest either the right to Exoneration from or the right to Limitation of Liability, such Claimant shall file and serve on the attorneys for the Petitioner, James E. Mercante, Esq., Rubin, Fiorella & Friedman, LLP, 292 Madison Avenue, New York, New York 10017, an Answer to the Complaint on or before the said date, unless the claim has included an Answer to the Complaint, so designated, or be defaulted, and

**IT IS FURTHER ORDERED** that **Petitioner shall publish** a copy of the **Notice** in *Newsday*, a newspaper with a general circulation including Nassau and Suffolk Counties, New York, once a week for four (4) weeks before the return date of said Notice, as provided by the aforesaid Supplemental Admiralty Rule "F" and copies of said Notice shall be mailed by Petitioner in accordance with the rule to every person known to have any claim against the vessel or Petitioner, or to his or her attorney, and

**IT IS FURTHER ORDERED** that the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution hereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any Court of any jurisdiction, or otherwise, against the vessel owner, and/or the vessel, and the taking of any steps and the making of any motion in such actions, suits or proceedings except in this action, to recover damages for or in respect to the aforesaid accident alleged in the Verified Complaint, **be and they hereby are restrained, stayed and enjoined** until the hearing and determination of this action, and all warrants of arrest and/or attachment issued or sought in such other suits, actions or legal proceedings be and the same are hereby dissolved and further warrants of arrest and/or attachment are hereby prohibited, and

**IT IS FURTHER ORDERED** that service of this Order as a Restraining Order be made through the Post Office by mailing a conformed copy hereof to the person or persons to be restrained, or to their respective attorneys.

Dated: Brooklyn, New York
~~December        , 2005~~
February 23, 2006

_____
U.S.D.J.